Nicholson, C. J.,
delivered the opinion of the court:
Marshall & Dickinson commenced two actions by summons, in the common law court at Memphis, against Redmond & Jones, one for $353 on a draft, and the other for $130 on an account. Declarations and pleas and replications were regularly filed in both cases. Some months after the institution of these suits, plaintiffs applied for and obtained an attachment from the clerk of the court, upon an affidavit that defendant, Redmond, was a nonresident etc., and had the same levied on a steamboat as the property of Redmond.
In the affidavit for attachment, both of the claims sued on in the common law court are described as the debts sought to be secured, but no reference is made in the affidavit nor in the bond for atachment to the suits then pending in the common law corut, and the only reference to such suits- in the writ of attachment is a recital therein that “this is an ancillary attachment to two suits in said court, where the same parties are plaintiffs, and Redmond & Jones defendants.” This is all that appears in the affidavit, bond, or writ going to show that it is not an original attachment. After the attachment was levied on the steamboat, defendant, Redmond replevied it by executing bond with security, as required in such cases. The two suits commenced by summons were consolidated and tried by jury, who returned a verdict for plaintiff for $229, for which judgment was -rendered.
Thereupon, plaintiffs moved the court for leave to amend their affidavit and writ of attachment so as to describe accurately the two suits to which their attachment was ancillary, and for judgment on the replevy bond against *622 defendant and bis surety. The court overruled the motions, and on motion of defendant, quashed the writ of attachment and replevy bond, from which action of the court plaintiffs have appealed.
Tinder sec. 34-77 of the Code, plaintiffs had a right to amend their affidavit and writ at any time before or during the trial, but their motion came too late after verdict and judgment, and was therefore properly overruled.
It is well settled that an ancillary attachment .is void if it is not stated in the affidavit and writ of attachment that a suit has been commenced, with such description thereof as shows definitely the. suit to which the attachment is ancillary. [Thompson v. Carper], 11 Hum. [542]; [Morris v. Davis], 4 Sneed [453]; [Swan v. Roberts], 2 Cold. [157]; [Gribson v. Carroll], 1 Heis. [25]; [Ogg v. Leinart], 1 Heis. [40]. Under these authorities the attachment in this case was clearly void.
As the attachment was void on its face, it was competent for defendant to have it dismissed or quashed on motion, but he elected to* give a replevy bond, and to go. to trial on the merits without making any objection to the attachment until after trial and judgment. The suggestion is whether he was not estopped from objecting to the legality of the attachment proceedings by executing a replevy bond?
It is provided in sec. 3512 of the Code, that replevy bonds are subject to the rules prescribed in sees. 773 and 774. By sec. 774, it is provided that if any person in the course of judicial proceedings is required to give bond for the performance of an act or the discharge of duty, and receives property upon the faith of such bond, he and his sureties are estopped to deny the validity of the bond or the legality of the proceedings under which the money or property was obtained.
The abject of the ancillary attachment is to fix a lien on the property of the debtor, and to impound it for the *623 security of tbe creditor. If the proceedings on which the attachment issues is illegal and void, as in the present case, no lien is fixed by its levy, and the defendant can at any time avail himself of the illegality by moving to dismiss the attachment before or after trial, relying upon plaintiff’s attachment bond for damages, or be may recover the property by executing a replevy bond, but by the language of the section quoted, he thereby estops himself from disputing the validity of the bond on the faith of which he obtained the property. The meaning of which, as ascertained by reference to sec. 773, is that if the replevy bond is in any way defective, it is not thereby void, but it stanch as a good bond. But he is not estopped from denying the legality of the attachment proceedings under which he regained his property, which proceeding is only by the exer eution of the replevy bond. It follows that while he cannot deny the validity of the' bond sp far as its form is concerned, he is not estopped from denying the legality of the attachment proceedings under which ho was deprived of the property. His rights in this respect are the same as if no replevy bond has been executed. As already stated, if no replevy bond had been executed, the legality of the attachment proceedings may be attacked, oven after trial, on the merits.
It results that there was no error in the refusal of the court to give judgment on the replevy bond, nor in sustaining the motion of defendant' to dismiss the attachment. Price & Hove v. Beecher, Schultz & Co., MS. op.
Judgment affirmed.